**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**BOWLING GREEN DIVISION**

**THOMAS F. O'DONNELL** **PLAINTIFF**

**v.** **CIVIL ACTION NO. 1:26-CV-78-JHM**

**CHASE ANTLE, *et al.*** **DEFENDANTS**

# MEMORANDUM OPINION

Plaintiff Thomas F. O'Donnell, proceeding *pro se*, filed the instant 42 U.S.C. § 1983 action. This matter is currently before the Court on initial review of Plaintiff's complaint pursuant to 28 U.S.C. § 1915A. For the reasons stated below, the Court will dismiss the action without prejudice and with leave to file an amended complaint.

## I. SUMMARY OF CLAIMS

Plaintiff states that he is a convicted inmate at the Adair County Regional Jail (ACRJ). He sues ACRJ Guard Chase Antle and Jailer Buddy Powell in their official capacities only.

Plaintiff alleges that on May 12, 2025, "jail staff" opened his legal mail envelopes outside of his presence, despite being clearly labeled as such. Inside the envelopes were notebooks containing "defense strategy, discovery notes, and records of attorney-client discussions." Plaintiff further alleges that jail personnel reviewed the contents of the envelopes and confiscated them without his consent, a court order, or justification. He continues, "[p]ages were hi-lighted and paperclipped by staff, indicating deliberate examination of all notebook contents."

Plaintiff also alleges that "discovery items previously in my possession were missing. It was later found that these items were copied and given directly to the prosecution for the Commonwealth which gravely affected my trial."

As relief, Plaintiff seeks monetary and punitive damages.

## II. STANDARD OF REVIEW

When a prisoner initiates a civil action seeking redress from a governmental entity, officer, or employee, the trial court must review the complaint and dismiss the complaint, or any portion of it, if the court determines that the complaint is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* § 1915A(b)(1), (2); *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The Court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Id.* at 327. In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). When determining whether a plaintiff has stated a claim upon which relief can be granted, the Court must construe the complaint in a light most favorable to Plaintiff and accept all of the factual allegations as true. *Prater v. City of Burnside, Ky.*, 289 F.3d 417, 424 (6th Cir. 2002). While a reviewing court must liberally construe *pro se* pleadings, *Boag v. MacDougall,* 454 U.S. 364, 365 (1982) (per curiam), to avoid dismissal, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570.

## III. ANALYSIS

Section 1983 creates no substantive rights but merely provides remedies for deprivations of rights established elsewhere. *Flint ex rel. Flint v. Ky. Dep't of Corr.*, 270 F.3d 340, 351 (6th Cir. 2001). Two elements are required to state a claim under § 1983. *Gomez v. Toledo*,

446 U.S. 635, 640 (1980). "A plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). "Absent either element, a section 1983 claim will not lie." *Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991).

### *A. Official-Capacity Claims*

"Official-capacity suits . . . 'generally represent [] another way of pleading an action against an entity of which an officer is an agent.'" *Kentucky v. Graham*, 473 U.S. 159, 166 (1985) (quoting *Monell v. N.Y.C. Dep't of Soc. Servs.*, 436 U.S. 658, 691 n.55 (1978)). Therefore, Plaintiff's official-capacity claims against Defendants Antle and Powell are actually brought against their employer, Adair County. *Id*. at 165. As such, Adair County cannot be held responsible for a constitutional deprivation unless there is a direct causal link between a county policy or custom and the alleged constitutional deprivation. *Monell*, 436 U.S. at 691; *Deaton v. Montgomery Cnty., Ohio*, 989 F.2d 885, 889 (6th Cir. 1993). The policy or custom "must be 'the moving force of the constitutional violation' in order to establish the liability of a government body under § 1983." *Searcy v. City of Dayton*, 38 F.3d 282, 286 (6th Cir. 1994) (quoting *Polk Cnty. v. Dodson*, 454 U.S. 312, 326 (1981) (citation omitted)).

The Court construes Plaintiff's allegations to assert claims for interference with legal mail and interference with access to the courts in violation of the First Amendment. However, Plaintiff does not allege that any action in the complaint was taken pursuant to a policy or custom implemented or endorsed by Adair County, and his allegations pertain only to himself. Accordingly, Plaintiff's official-capacity claims against Defendants Antle and Powell must be dismissed for failure to state a claim upon which relief may be granted. *See Matthews v. LMPD*,

No. 3:19-CV-P581-RGJ, 2019 WL 5549209, at *2 (W.D. Ky. Oct. 25, 2019) ("an isolated occurrence affecting only" the plaintiff would not amount to a policy or custom endorsed by municipal defendant) (citing *Fox v. Van Oosterum*, 176 F.3d 342, 348 (6th Cir. 1999)).

### *B. Amendment*

Although the Court is dismissing this action for the above-stated reasons, the dismissal will be without prejudice and with leave to Plaintiff to file an amended complaint. Should Plaintiff wish to amend his complaint, he must submit a completed § 1983 complaint form naming the Defendants in their individual capacities and stating specifically how each allegedly violated his First Amendment rights and what actions they took. *See Rashada v. Fiegel*, No. 23-1674, 2024 WL 1367436, at *4 (6th Cir. Apr. 1, 2024) (approving dismissal of *pro se* complaint without prejudice and with leave to amend).

The **Clerk of Court is DIRECTED** to place this case number and word "Amended" on a § 1983 complaint form and send it to Plaintiff, along with two summons forms, should Plaintiff choose to amend the complaint. Any amended complaint must be filed **on or before September 24, 2026**.

## IV. CONCLUSION

For the foregoing reasons, the Court will enter a separate Order dismissing the action.

Date: August 31, 2026

Joseph H. McKinley Jr., Senior Judge
United States District Court

cc: Plaintiff, *pro se*
4414.015