**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**BOWLING GREEN DIVISION**

**THOMAS F. O'DONNELL** **PLAINTIFF**

**v.** **CIVIL ACTION NO. 1:26-CV-78-JHM**

**CHASE ANTLE, *et al.*** **DEFENDANTS**

# MEMORANDUM OPINION AND ORDER

Plaintiff Thomas F. O'Donnell, proceeding *pro se*, filed the instant 42 U.S.C. § 1983 action. This matter is currently before the Court on initial review of Plaintiff's amended complaint pursuant to 28 U.S.C. § 1915A and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007).

## I. SUMMARY OF CLAIMS

Plaintiff is a convicted inmate housed at the Adair County Regional Jail (ACRJ). He sues ACRJ Guard Chase Antle and Jailer Buddy Powell in their individual and official capacities, as well as Adair County.[1] The amended complaint alleges:

> On or about May 12, 2025, Chase Antle intentionally opened, read and copied my clearly marked legal, confidential mail outside of my presence and confiscated it. These copies contained my confidential defense strategies and attorney client notes. They were forwarded/brought to prosecutors and shared to harm my criminal case.
>
> Defendant Buddy Powell and Adair County maintained an unlawful custom policy and practice that permitted jail staff to routinely intercept and copy confidential inmate legal mail.
>
> My defense attorney wrote a formal letter detailing the violation before the trial and the defendants have admitted to this action.
>
> . . .
>
> The jail staff deliberately examined, highlighted and paper clipped pages of my

[1] The Adair County Regional Jail was initially named as a Defendant and is listed as such on the Court's docket, however the amended complaint clarifies that Adair County is the intended Defendant.

> confidential defense materials without court order or valid justification.
>
> . . .
>
> As a direct result of this government intrusion, the prosecution gained an unfair advantage during our mediation session, destroying my ability to negotiate on equal footing. Days after this information was given to the prosecution, the state refiled intent to seek enhanced penalties against me. The exposure of my trial strategy severely reduced my ability to prepare my defense.

Plaintiff avers that these actions violated his Sixth Amendment right to counsel and Fourteenth Amendment right to due process. As relief, he sees monetary damages and declaratory relief.

## II. <u>STANDARD OF REVIEW</u>

When a prisoner initiates a civil action seeking redress from a governmental entity, officer, or employee, the trial court must review the complaint and dismiss the complaint, or any portion of it, if the court determines that the complaint is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* § 1915A(b)(1), (2); *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The Court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Id.* at 327. In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). When determining whether a plaintiff has stated a claim upon which relief can be granted, the Court must construe the complaint in a light most favorable to Plaintiff and accept all of the factual allegations as true. *Prater v. City of Burnside, Ky.*, 289 F.3d 417, 424 (6th Cir. 2002). While a reviewing

court must liberally construe *pro se* pleadings, *Boag v. MacDougall,* 454 U.S. 364, 365 (1982) (per curiam), to avoid dismissal, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570.

## III. ANALYSIS

Section 1983 creates no substantive rights but merely provides remedies for deprivations of rights established elsewhere. *Flint ex rel. Flint v. Ky. Dep't of Corr*., 270 F.3d 340, 351 (6th Cir. 2001). Two elements are required to state a claim under § 1983. *Gomez v. Toledo*, 446 U.S. 635, 640 (1980). "A plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). "Absent either element, a section 1983 claim will not lie." *Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991).

### *A. Official-capacity claims and claims against Adair County*

"Official-capacity suits . . . 'generally represent [] another way of pleading an action against an entity of which an officer is an agent.'" *Kentucky v. Graham*, 473 U.S. 159, 166 (1985) (quoting *Monell v. N.Y.C. Dep't of Soc. Servs.*, 436 U.S. 658, 691 n.55 (1978)). Therefore, Plaintiff's official-capacity claims against Defendants Antle and Powell are actually brought against their employer, Adair County. *Id*. at 165.

Neither a municipality nor a county may be held responsible for a constitutional deprivation unless there is a direct causal link between a municipal or county policy or custom and the alleged constitutional deprivation. *Monell*, 436 U.S. at 691; *Deaton v. Montgomery Cnty., Ohio*, 989 F.2d 885, 889 (6th Cir. 1993). To demonstrate municipal liability, a plaintiff "must (1) identify the municipal policy or custom, (2) connect the policy to the municipality, and (3) show that his

particular injury was incurred due to execution of that policy." *Alkire v. Irving*, 330 F.3d 802, 815 (6th Cir. 2003) (citing *Garner v. Memphis Police Dep't*, 8 F.3d 358, 364 (6th Cir. 1993)). The policy or custom "must be 'the moving force of the constitutional violation' in order to establish the liability of a government body under § 1983." *Searcy v. City of Dayton*, 38 F.3d 282, 286 (6th Cir. 1994) (quoting *Polk Cnty. v. Dodson*, 454 U.S. 312, 326 (1981) (citation omitted)).

Although Plaintiff alleges that "a custom policy and practice . . . permitted jail staff to routinely intercept and copy confidential inmate mail," the instances of mail interference that Plaintiff describes pertain only to himself. And merely alleging that an incident occurred pursuant to a policy or custom of the County is insufficient to state a *Monell* claim. *See, e.g.*, *Gibson v. City of Cincinnati*, No. 1:21-cv-292, 2021 WL 2934710, at *3 (S.D. Ohio July 13, 2021), *report and recommendation adopted*, 2021 WL 3207923 (S.D. Ohio July 29, 2021) ("A mere conclusory allegation that a municipality employs an unlawful policy or custom, without . . . stating a pattern of conformance to that custom, is not sufficient."); *Pittman v. Stearns*, No. 3:25-CV-P758-JHM, 2026 WL 1038879, at *2 (W.D. Ky. Apr. 16, 2026) (dismissing *Monell* claim on initial review where plaintiff alleged "an isolated incident affecting him only"); *D.M. v. City of Columbus*, No. 2:26-CV-00551, 2026 WL 2491351, at *7 (S.D. Ohio Aug. 25, 2026) ("Although [Plaintiff] alleges various failures . . . these allegations arise out of a single incident and do not constitute a clear and persistent pattern of unconstitutional conduct as contemplated by *Monell*."); *see generally Iqbal*, 556 U.S. at 681 (providing that formulaic and conclusory recitations of the elements of a claim that are unsupported by facts fail to state a plausible claim for relief).

Accordingly, Plaintiff's official-capacity claims and claims against Adair County will be dismissed for failure to state a claim upon which relief may be granted.

### *B. Individual-capacity claims*

Plaintiff alleges that, outside of his presence, Defendant Antle opened, confiscated, and copied Plaintiff's legal/privileged mail, which was then forwarded to the state prosecutor in Plaintiff's criminal case and used "to seek enhanced penalties" against him. Plaintiff broadly references the Sixth and Fourteenth Amendments to the United States Constitution.

To the extent Plaintiff seeks to raise a claim of access to the courts under the Fourteenth Amendment's Due Process Clause, it fails to state a claim upon which relief may be granted because the amended complaint indicates that Plaintiff was represented by counsel in his criminal proceedings. *See, e.g.*, *Talley v. Dickson Cnty. Jail,* No. 3:23-CV-00983, 2023 WL 7115566, at *2 (M.D. Tenn. Oct. 27, 2023) (a plaintiff represented by counsel in a pending criminal case "cannot state a claim for a violation of his right to access the courts with respect to those proceedings").

Upon review, the Court finds that Plaintiff's allegations state a cognizable claim of deprivation of his Sixth Amendment right to counsel based on the handling of his legal mail. *See Knop v. Johnson*, 977 F.2d 996, 1012 (6th Cir. 1992) (legal mail concerning criminal matters is subject to the Sixth Amendment's protection of the attorney-client relationship).[2] Accordingly, Plaintiff's Sixth Amendment right to counsel claim may proceed against Defendant Antle in his individual capacity.

---

[2] The Court observes that Plaintiff's Sixth Amendment claim may potentially implicate the rule articulated in *Heck v. Humphrey*, 512 U.S. 477, 486 (1994) (holding that § 1983 claim for damages must be dismissed if a judgment in favor of a plaintiff would necessarily imply the invalidity of his state court conviction or sentence, unless that the conviction or sentence has already been invalidated). Plaintiff's amended complaint, however, does not set forth sufficient information about his state criminal action to determine *Heck*'s applicability. *See Schreiber v. Moe*, 596 F.3d 323, 334 (6th Cir. 2010) ("Our case law . . . requires a more precise inquiry whereby the court must look both to the claims raised under § 1983 and to the specific offenses for which the § 1983 claimant was convicted."). As application of the *Heck* bar may become apparent upon further factual development by the parties, the Court does not address the issue at this time.

Plaintiff alleges that Defendant Powell authorized or permitted a custom or policy of legal mail interference at the Adair County Jail. The Court construes this allegation as an assertion of Defendant Powell's supervisory liability. The doctrine of *respondeat superior*, or the right to control employees, does not apply in § 1983 actions to impute liability onto supervisors. *Monell*, 436 U.S. at 691; *Taylor v. Mich. Dep't of Corr.*, 69 F.3d 76, 80–81 (6th Cir. 1995); *Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir. 1984). Instead, supervisory liability "must be based on active unconstitutional behavior and cannot be based upon 'a mere failure to act.'" *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999) (quoting *Salehpour v. Univ. of Tenn.*, 159 F.3d 199, 206 (6th Cir. 1998)). Thus, a plaintiff must allege, at a minimum, that the defendant "'at least implicitly authorized, approved, or knowingly acquiesced in the unconstitutional conduct of the offending officers.'" *Peatross v. City of Memphis*, 818 F.3d 233, 242 (6th Cir. 2016) (quoting *Shehee*, 199 F.3d at 300).

The Court finds that Plaintiff has plausibly alleged—albeit minimally—Defendant Powell's involvement under a theory of supervisory liability. Accordingly, Plaintiff's Sixth Amendment right to counsel claim may proceed against Defendant Powell in his individual capacity.

## IV. ORDERS

For the foregoing reasons,

**IT IS ORDERED** that Plaintiff's Sixth Amendment right to counsel claim against Defendants Antle and Powell in their individual capacities will continue past initial review. In permitting this claim to continue, the Court passes no judgment on its merit and ultimate outcome. The Court will enter a separate Service and Scheduling Order to govern the development of this claim.

**IT IS FURTHER ORDERED** that all other claims are **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted.

The Clerk of Court is **DIRECTED** to terminate the Adair County Regional Jail as a Defendant in this action.

Date: October 15, 2026

Joseph H. McKinley Jr., Senior Judge
United States District Court

cc: Plaintiff, *pro se*
4414.015